IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BRENT B. GOLDEN,                )
                                )
        Plaintiff,               )
                                )
                                )        CIV-13-973-D
v.                              )
                                )
DAVID GONZALEZ, et al.,          )
                                )
        Defendants.              )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*[1], brings this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint filed September 25, 2013, Plaintiff contends his constitutional rights were violated in connection with a state criminal proceeding which resulted in his conviction and imprisonment. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

I. Plaintiff's Claims

In his Complaint (Doc. # 8), Plaintiff asserts that he was subjected to "false arrest," "malicious prosecution," "double jeopardy," and "false imprisonment," and convicted on the basis of "perjured testimony." The gravamen of his Complaint is that Defendant Gonzalez,

---

[1] To proceed in this action, Plaintiff was ordered to pay a partial filing fee in the amount of $43.39 on or before October 15, 2013. Order (Doc. # 10). Plaintiff has paid only $37.72 of the required fee. Plaintiff is reminded of his obligation to pay the entire $350 filing fee in this matter.

1

a Shawnee, Oklahoma police officer, submitted a probable cause affidavit resulting in a criminal charge being filed against Plaintiff, that the case was dismissed, and that a new case was filed by Defendant Cochran based on a new probable cause affidavit by Mr. Gonzalez alleging Plaintiff committed the crime of Distribution of Controlled Dangerous Substance on a different date than was alleged in the first probable cause affidavit.

Plaintiff names Mr. Gonzalez, Assistant District Attorney Russ Cochran, and District Attorney Richard Smotherman as Defendants.[2] In his demand for relief, Plaintiff seeks 2.5 million dollars in compensatory damages and his "immediate release from custody."

Plaintiff previously filed in this Court a 42 U.S.C. § 1983 action against Defendants Gonzalez and Cochran based on substantially the same allegations. In that action, Brent Golden v. David Gonzalez, et al., Case No. CIV-11-224-D, former Magistrate Judge Roberts entered a report and recommendation recommending that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because (1) Heck v. Humphrey, 512 U.S. 477 (1994), barred review of Plaintiff's claims seeking monetary damages for allegedly wrongful actions causing him to be improperly convicted, (2) the Eleventh Amendment barred his action seeking damages against Defendant Cochran in his official capacity, and (3) prosecutorial immunity barred his action seeking damages against Defendant Cochran in his individual

---

[2]In his Complaint filed September 25, 2013, Plaintiff included the State of Oklahoma and Pottawatomie County as additional defendants in the style of the case. However, in the body of the Complaint Plaintiff identifies only Mr. Gonzalez, Mr. Cochran, and Mr. Smotherman as Defendants and makes no specific allegations concerning the State of Oklahoma or Pottawatomie County. Therefore, Plaintiff's Compliant is construed to assert a cause of action against Defendants Gonzalez, Cochran, and Smotherman only.

capacity.

In an order entered April 27, 2011, United States District Judge DeGiusti agreed that Plaintiff's complaint failed to allege facts sufficient to state a plausible claim for relief. Judge DeGiusti found that (1) <u>Heck</u> applied to bar review of Plaintiff's action seeking damages allegedly caused by wrongful actions resulting in his improper conviction, (2) no double jeopardy attached when the initial charge against Petitioner was dismissed prior to trial, (3) Plaintiff's claim seeking his immediate release from confinement requested habeas relief which was not available in a § 1983 action, and (4) Plaintiff's claims against Defendant Cochran were subject to dismissal based on Eleventh Amendment immunity and prosecutorial immunity. Judge DeGiusti dismissed with prejudice Plaintiff's claims asserting double jeopardy, seeking his release from incarceration, and requesting monetary damages from Defendant Cochran, and dismissed without prejudice Plaintiff's remaining claims.

## II. <u>Statutory Screening of Prisoner Complaints</u>

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). After conducting an initial review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

In conducting this review, the Court must accept the plaintiff's allegations as true and

3

construe them, and any reasonable inferences to be drawn from the allegations, in the light most favorable to the plaintiff. Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

III. Analysis

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005). Plaintiff's repetitive claims in his Complaint alleging a double jeopardy violation, seeking his release from incarceration in a § 1983 action, and seeking damages from Defendant Cochran, which are identical to the claims previously asserted and dismissed with prejudice in his previous § 1983 action, are barred by res judicata. See Slocum v. Corporate Exp. U.S. Inc., 446 Fed.Appx. 957, 960 (10th Cir. 2011)(unpublished op.)("Rule 12(b)(6) dismissal is . . . an adjudication on the merits (not a technical or procedural dismissal), since it requires an evaluation of the substance of the complaint").

4

Plaintiff has previously sought relief in this Court under 28 U.S.C. § 2254 concerning his Pottawatomie County conviction. The Court held that Plaintiff's 28 U.S.C. § 2254 action challenging his Pottawatomie County conviction was not timely filed within the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). Golden v. Ford, Case No. CIV-13-395-M(Order and Judgment, Miles-LaGrange, D.J.). This decision has been affirmed by the Tenth Circuit Court of Appeals. Golden v. Ford, Case No. 13-6173 (10th Cir. Oct. 17, 2013)(Order Denying Certificate of Appealability).

Plaintiff has not alleged that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance" of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 487 (1994). Thus, Plaintiff's § 1983 claims seeking damages from Defendants for allegedly wrongful actions resulting in his conviction are barred from review under Heck. Id.

As to Defendant Smotherman, if sued in his official capacity, Defendant Smotherman, like Defendant Cochran, is immune from liability under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 165-168 (1985); Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). If sued in his individual capacity, Defendant Smotherman, like Defendant Cochran, is protected by prosecutorial immunity, which shields him from liability for damages under § 1983 for initiating and prosecuting a state criminal action. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)("State prosecutors are entitled to absolute immunity against suits brought pursuant to

5

§ 1983 for activities intimately associated with the judicial process, such as initiating and pursuing criminal prosecutions")(quotations omitted). This immunity extends to the prosecutor's "decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." Nielander v. Board of County Com'rs of County of Republic, Kan., 582 F.3d 1155, 1164 910th Cir. 2009). Prosecutorial immunity is not defeated by allegations of perjury, suppression of evidence, or other wrongdoing. Esquibel v. Brian Williamson, 421 Fed.Appx. 813, 816 (10th Cir. 2010)(unpublished op.)("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence."). Consequently, Plaintiff's claims against Defendant Smotherman should be dismissed with prejudice.

To the extent Plaintiff seeks his release from custody, this relief is not available in a 42 U.S.C. § 1983 action, and these claims, construed as habeas claims, should be dismissed without prejudice to refiling in a separate § 2254 habeas action, if appropriate.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims alleging a double jeopardy violation, seeking his release from incarceration in a § 1983 action, and seeking damages from Defendant Cochran be DISMISSED with prejudice as barred by res judicata, Plaintiff's claims seeking damages from Defendants for allegedly wrongful actions

resulting in his conviction should be DISMISSED without prejudice under Heck, supra, and Plaintiff's claims against Defendant Smotherman should be DISMISSED with prejudice. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      November 11th       , 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   21st    day of    October   , 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE