IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENT B. GOLDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-973-D |
| ) | |
| STATE OF OKLAHOMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening, Judge Purcell finds that Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed as either 1) barred by the doctrine of *res judicata* or claim preclusion, 2) barred from review under the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), or 3) barred by the doctrines of prosecutorial immunity and sovereign immunity. Judge Purcell further finds that the remedy of release from imprisonment sought by the Complaint is not available in a § 1983 case.

Plaintiff, a state prisoner appearing *pro se*, has not filed a timely objection to the Report. On November 8, 2013, however, the court clerk received an "Objection to Report and Recommendation" that lacked a proper case number, and it was filed in Plaintiff's earlier case, *Golden v. Gonzalez*, Case No. CIV-11-224-D (W.D. Okla.), which is discussed in Judge Purcell's Report. Because Plaintiff may have intended his filing to be made in this case, it will be treated as a written objection to the Report. Accordingly, the Court must make a *de novo* determination of the portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Upon consideration of the Objection, the Court finds that Plaintiff wholly fails to address the deficiencies in his pleading identified by Judge Purcell. Plaintiff argues the merits of his alleged

constitutional claims, but does not acknowledge his earlier case raising the same claims, his failure to obtain habeas relief under 28 U.S.C. § 2254, and the immunity doctrines discussed in the Report. Therefore, because the Objection raises no specific issue for *de novo* determination, the Court finds that Plaintiff has waived further judicial review of Judge Purcell's findings and recommendations. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Further, the Court has previously addressed many of the same issues raised by Judge Purcell in a prior order in Case No. CIV-11-224-D, dismissing Plaintiff's § 1983 claims based on the same alleged conduct. *See Golden v. Gonzalez*, Case No. CIV-11-224-D, Order (W.D. Okla. April 27, 2011).[1] For the reasons stated therein, and the additional reason that Plaintiff cannot repeatedly file the same claims, the Court finds that Judge Purcell is correct and this action should be dismissed. Only the dismissal of § 1983 claims against Defendant David Gonzalez alleging unconstitutional conduct resulting in Plaintiff's conviction are dismissed without prejudice under *Heck*. As to all other § 1983 claims, the dismissal is with prejudice.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is adopted in its entirety as though fully set forth herein. A judgment shall be entered accordingly.

IT IS SO ORDERED this 19th day of November, 2013.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Case No. CIV-11-224-D involved only claims against Defendants Gonzalez and Cochran. In an earlier case, the Court had dismissed Plaintiff's claims against Defendant Smotherman. *See Golden v. District Attorney*, CIV-09-1267-D, Order (W.D. Okla. July 1, 2010).